**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 11, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

SHERYL L. WILSON,

Defendant-Appellant.

No. 07-3342
(D.C. No. 5:06-CR-40091-JAR)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **MURPHY**, and **HOLMES**, Circuit Judges.


Sheryl L. Wilson pleaded guilty to one count of bank fraud in violation

of 18 U.S.C. § 1344. She was sentenced to fifty-seven months' imprisonment.

She pleaded guilty pursuant to a plea agreement that contained a waiver of her

appellate rights. Nonetheless, Ms. Wilson filed an appeal alleging that the

government breached the plea agreement and that the district court erred in

---

[*] This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

determining her sentence. The government has now moved to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). Ms. Wilson responds that the government breached the terms of the plea agreement by not recommending a reduction for acceptance of responsibility, and, therefore, her right to appeal should not be precluded by the plea agreement's appeal waiver. Having considered the motion and response, we grant the motion to enforce and dismiss the appeal.

Ms. Wilson agreed to waive "any right to appeal or collaterally attack any matter in connection with [her] prosecution, conviction and sentence," "except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court." Plea Agreement, at 7-8, ¶ 10. "This circuit has held, however, that a[n appeal] waiver provision may be unenforceable if the government breaches the terms of the Plea Agreement." *United States v. Guzman*, 318 F.3d 1191, 1195 (10th Cir. 2003).

"This Court reviews *de novo* the question of whether the government has breached a plea agreement, even when the defendant fails to preserve this objection below." *United States v. VanDam*, 493 F.3d 1194, 1199 (10th Cir. 2007), *cert. denied*, 128 S. Ct. 945 (2008). "General principles of contract law define the content and scope of the government's obligations under a plea agreement." *Id*. "We thus look to the express language in the agreement to identify both the nature of the government's promise and the defendant's

-2-

reasonable understanding of this promise at the time of the entry of the guilty plea." *Id*. We must "construe all ambiguities against the government, to the extent it is the drafting party." *Id*. Finally, "[w]e evaluate the record as a whole to ascertain whether the government complied with its promise." *Id*.

Ms. Wilson contends that the government agreed in the plea agreement to recommend a sentence reduction for acceptance of responsibility, as provided for by U.S.S.G. § 3E1.1, and agreed that Ms. Wilson was free to litigate the amount of loss involved as part of her sentencing process, yet refused to recommend a reduction for acceptance of responsibility when she exercised her right to contest the loss amounts at sentencing. For the following reasons, we conclude the government did not breach the plea agreement.

Ms. Wilson admitted in her plea agreement that for three years, she devised and executed a scheme to defraud her employer, an eye surgery center, by fraudulently using the eye center's bank accounts for her personal benefit. More specifically, she admitted that she purchased items for her personal use, and then submitted false expense reimbursements claiming these items were for business purposes. The parties did agree in the plea agreement "that the loss involved in [Ms. Wilson's] crime is not an element of the offense, and both parties will be free to litigate the issue of loss as part of the sentencing process." Plea Agreement, at 4, ¶ 3.

The government also agreed:

> To recommend the defendant receive a two (2) level reduction in the applicable offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility. In addition, the United States will move at the time of sentencing for the defendant to receive an additional one (1) level reduction for acceptance of responsibility because the defendant timely notified the government of her intention to enter a plea of guilty. However, the government's obligation concerning acceptance of responsibility **is contingent** upon the defendant's continuing manifestation of acceptance of responsibility as determined by the United States. **If the defendant denies or gives conflicting statements as to her involvement, falsely denies or frivolously contests relevant conduct that the court determines to be true**, willfully obstructs or impedes the administration of justice as defined in U.S.S.G. § 3C1.1 (or willfully attempts to do so), or engages in additional criminal conduct, **the United States reserves the right to withdraw this recommendation without breaching this agreement**.

Plea Agreement, at 5, ¶ 5.c (emphasis added).

Thus, according to the express terms of the plea agreement, the government's obligation to recommend an acceptance-of-responsibility reduction was contingent upon its determination that Ms. Wilson continued to accept responsibility and did not testify falsely or give conflicting statements at her sentencing hearing. Here, the district court found that Ms. Wilson did just that: she perjured herself by giving false and conflicting testimony at the sentencing hearing and did not accept responsibility for her conduct.

The government contended at sentencing that the amount of loss related to Ms. Wilson's crime of conviction and related conduct exceeded $400,000. Ms. Wilson testified at the sentencing hearing for two days, attempting to deny

the government's loss amount by denying, item-by-item, that her reimbursement claims were false. She was unable to provide receipts or other evidentiary support for her assertions. On cross-examination, she had to admit that many of the expense items that she had just testified were business expenses, were in fact, sham entries to cover personal expenses. At the conclusion of the hearing, the government noted that Ms. Wilson denied and contested items that were easily proven to be for her personal benefit, and argued to the court that it should consider whether she had actually accepted responsibility and whether she had falsely denied relevant conduct. It did not recommend a sentence reduction for acceptance of responsibility and, when questioned by the court, took the position that Ms. Wilson had defeated any claim to an acceptance-of-responsibility reduction.

The district court agreed, finding that Ms. Wilson "blatantly perjured herself before this court," "acted in bad faith, . . . and . . . in effect denied acceptance of responsibility for any" of her actions. Tr. Sentencing Hr'g, Vol. 3, at 404, 405. The court described in detail many of the inconsistencies and implausibilities in her testimony, as well as instances in which her testimony was directly contradicted by the government's evidence. *Id*. at 368-407. The court noted some examples of her perjured testimony, but commented that it would take "six or eight hours" to go through all of the instances of her perjury. *Id*. at 406. The court also noted that when Ms. Wilson was confronted on cross-examination

with evidence that her reimbursement claims were for her personal expenses, she repeatedly characterized them as simply mistakes, and it concluded that Ms. Wilson was essentially denying that she had engaged in a scheme to defraud, though she had previously admitted to such when she pleaded guilty. *Id.* at 405. It denied any reduction for acceptance of responsibility and found that the total loss from Ms. Wilson's scheme to defraud was, conservatively, $429,645.98. *Id.* at 396. The court concluded that Ms. Wilson had "no real remorse for stealing almost half a million dollars" from her employer, and that in six years of sentencing hundreds, even thousands, of defendants, it had "never seen a defendant who was less remorseful or less sorry for her actions" than Ms. Wilson. *Id.* at 412.

The plea agreement expressly stated that the government's promise to recommend an acceptance-of-responsibility reduction was contingent on Ms. Wilson testifying truthfully, not falsely or frivolously contesting relevant conduct, and actually accepting responsibility for her conduct. Further, it expressly stated that if Ms. Wilson did testify falsely, give inconsistent statements, or falsely and frivolously deny relevant conduct, it would not constitute a breach of the agreement if the government withdrew a § 3E1.1 acceptance-of-responsibility recommendation. We conclude based on the nature of the agreement, Ms. Wilson's reasonable understanding of those terms, and the record as a whole – including the district court's finding that she perjured herself

at the sentencing hearing, falsely denied relevant conduct, and did not actually accept responsibility for her scheme to defraud – that the government did not breach the plea agreement by not recommending a § 3E1.1 reduction. *See United States v. Moreno-Trevino*, 432 F.3d 1181, 1187 (10th Cir. 2005) (finding government did not breach plea agreement when it declined to recommend § 3E1.1 reduction after reasonably exercising its discretion under the agreement to conclude defendant no longer warranted a reduction).

Ms. Wilson does not argue that her waiver of appellate rights is otherwise invalid under the framework set forth in *Hahn*, 359 F.3d at 1325. Accordingly, the government's motion to enforce the appeal waiver is GRANTED, and the appeal is DISMISSED.

ENTERED FOR THE COURT
PER CURIAM